UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Daniel Johnson,**

       **Plaintiff,**                 **Civil Action No.: 11-15487**

   vs.                           **District Judge Lawrence P. Zatkoff**

                                **Magistrate Judge Mona K. Majzoub**

**Operation Get Down, Inc.**

       **Defendant.**

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT [22]**

This matter comes before the Court on Plaintiff's Motion to Amend His Complaint. (Docket no. 22.) Defendant filed a Brief in Opposition to Plaintiff's Motion to Amend (docket no. 23), and Plaintiff filed a Reply to Defendant's Opposition (docket no. 24). This motion was referred to the undersigned for decision. (Docket no. 28.) The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The Motion is now ready for ruling.

**I.    Background**

Plaintiff Daniel Johnson filed his original complaint pro se while a prisoner under 42 U.S.C. § 1983 against Defendant Operation Get Down, Inc. (OGD), alleging that while in the care and custody of Defendant, Plaintiff contracted Methicillin-resistant Staphylococcus aureus ("MRSA"), a severe skin infection. (Docket no. 1.) Plaintiff alleges that Defendant is responsible for the unsanitary conditions that caused Plaintiff's MRSA. Plaintiff seeks monetary damages for all of Plaintiff's medical bills relating to his condition, including all visits to the doctors, urgent care, hospitalization, and personal expenses. (Docket no. 1.) On November 6, 2012, Plaintiff obtained

legal counsel. (Docket no. 23.) Defendant filed an Answer to Plaintiff's Complaint on December 21, 2012. (Docket no. 19.)

On January 25, 2012, Plaintiff's case was partially dismissed by the Court because a portion of Plaintiff's claims were conclusory and amounted to nothing more than a billing dispute. (Docket no. 5.) The court did find, however, that Plaintiff had set forth sufficient factual allegations to support his claim that he was subjected to unsanitary conditions at OGD and that he acquired MRSA. (Docket no. 5.) Therefore, to the extent that Plaintiff's Complaint alleged an Eight Amendment claim, the Court concluded that his complaint was not subject to summary dismissal. (Docket no. 5.)

Before the Court is Plaintiff's Motion to Amend his Complaint. Plaintiff now alleges three different counts, which Plaintiff titles as follows:

> I. Violation of Civil Rights 8th Amendment Cruel and Unusual Punishment and the 14th Amendment Due Process Clause Deliberate Indifference
>
> II. 42 USC § 1983 Deprivation
>
> III. Negligence (State Law Claim)

Plaintiff claims that Defendant was negligent and owed Plaintiff a duty to keep its facility in a sanitary state, that Defendant should have taken reasonable measures to minimize against the risk of infectious diseases, and that this negligence was the proximate and direct cause of Plaintiff's injury. (Docket no. 22-1.)

On June 26, 2013, this Court issued an order for supplemental briefing, directing the parties to brief the issue of whether Defendant OGD was a state agency. (Docket no. 27.) Defendant filed a Supplemental Brief in Opposition to Plaintiff's Motion for Leave to File Amended Complaint arguing that OGD was not a state agency. (Docket no. 28.) Plaintiff filed a Supplemental Brief

Regarding Plaintiff's Motion to Amend Complaint arguing that OGD was, in fact, a state agency. (Docket no. 30.)

## II. Governing Law

A court is to allow parties to amend their pleadings freely "when justice so requires." Fed.R.Civ.P. 15(a)(2). "A party seeking to amend an answer must act with due diligence if it intends to take advantage of [Rule 15's] liberality." Saginaw Chippewa Indian Tribe of Michigan v. Granholm, 05-10296, 2008 WL 4808823, at *8 (E.D. Mich. Oct. 22, 2008) (Ludington, J.) (internal quotation omitted). "A court may deny leave to amend when a party unnecessarily delayed in seeking amendment, thereby []causning prejudice to the other party or unduly delaying the litigation." Id. (citation omitted). And a court may also deny leave to amend when the proposed amendment would be futile. See Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 569 (6th Cir. 2003). To determine whether an amendment would be futile, the Court determines whether the amendment could survive a motion to dismiss pursuant to Rule 12(b)(6). Keely v. Department of Veterans Affairs, 10-11059, 2011 WL 824493, at *1 (E.D. Mich. Mar. 3, 2011) (Majzoub, M.J.) (citation omitted).

When deciding a Motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007); Inge v. Rock Fin. Corp., 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed.R.Civ.P. 8(a)(2)). But this statement "must be enough to raise a right to relief above the speculative level."

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[threadbare] recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### III.     Analysis

Plaintiff filed the instant Motion less than three months after Defendant filed its Answer to Plaintiff's Complaint and after Plaintiff obtained Counsel. (Docket no. 24) No discovery has taken place, and Plaintiff has been diligent in filing his Motion to Amend since obtaining counsel; Defendant would suffer no prejudice or undue burden by the filing of an amended complaint at this time. However, the Court must still determine whether the proposed amendment would be futile.

#### A.     COUNT I - Plaintiff's 8th Amendment and 14th Amendment Claims

Plaintiff argues that he has both an 8th Amendment claim and a 14th Amendment claim. (Docket no. 22-1.) But it is well-settled that the 8th Amendment prohibition against cruel and unusual punishment does not apply to pre-trial detainees. *See, e.g., Griffin v. Wontack*, No. 12-P195-R, 2013 WL 28669 (W.D. Ky. Jan. 2, 2013. Pre-trial detainees are shielded from cruel and unusual punishment by the Due Process clause of the 14th Amendment, which provides similar protection. *Id.* Thus, Plaintiff cannot sustain both an 8th Amendment and a 14th Amendment claim because it is impossible for Plaintiff to have been both a pre-trial detainee and an inmate. In response to Defendant's argument, however, Plaintiff agreed to withdraw his 14th Amendment claim and proceed only with his 8th Amendment claim. (Docket no. 24).

Defendant further argues that Plaintiff's § 1983 claim was previously raised and summarily dismissed by this Court. (Docket no. 23 at 5.) The Court specifically stated that

> [Plaintiff's] claims are conclusory in nature, in that he does not specifically state how each Defendant is involved in this particular billing claim. It is well-established that conclusory allegations are insufficient to state a claim under § 1983. . . [thus,] the Court finds that Plaintiff's claims amount to nothing more than a billing dispute."

Therefore, Defendant argues, Plaintiff is barred from re-litigating his § 1983 claim.

The Court disagrees with Defendant that Plaintiff's constitutional claim is precluded by this Court's earlier dismissal of Plaintiff's § 1983 claim. The opinion and order of partial summary dismissal only dismissed Plaintiff's "Medical-Bill Claim," which is not the subject of Plaintiff's amended complaint. (Docket no. 5 at 3.) Plaintiff raises an "Unsanitary-Condition Claim," which was explicitly allowed to proceed. Thus, Plaintiff's § 1983 claim was previously dismissed on a different substantive claim.

Eight Amendment claims can only be brought against a state actor. *See Robinson v. California*, 82 S.Ct. 1417 (1962). Defendant OGD is a private agency, but the United States Supreme Court has found that, while every case must be examined on a case by case basis, where a close relationship exists between the state and the private agency to the point where the private agency enforces the power of the state, the private entity becomes a state actor. *See Brentwood Acad. v. Tenn. Secondary Athletic Ass'n*, 531 US 288 (2001). Such a relationship exists when: (1) a private actor assumes a traditional public function; (2) private discrimination has been commanded or compelled by the state; (3) a state has jointly participated in a private actor's conduct; or (4) a private actor and the state have shared a symbiotic relationship. *See e.g., Brentwood*, 531 US 288.

Defendant OGD argues that it is not a state actor because there is not a sufficiently close nexus between the State and Defendant. (Docket no. 28.) Defendant contends that it has not assumed a traditional public function; that Wayne County has not commanded or compelled private discrimination; that Wayne County has not jointly participated in Defendant's conduct; and that

there is no symbiotic relationship between Defendant and Wayne County. (Docket no. 28.) Plaintiff argues that Defendant is a state actor because a symbiotic relationship exists between the state and Defendant to the point where Defendant enforces the power of the state, thus becoming a state actor. (Docket no. 30.) Plaintiff noted that Defendant is primarily financed by the State of Michigan, the County of Wayne, and the City of Detroit, receiving only about 2% of its funds from private donations. (Docket no. 30.) Plaintiff further noted that non-compliance with the rules by residents is reported back to the residents' probation or parole agents, and that Defendant's decision making concerning whether a resident has complied with the rules of their programs can determine whether an individual is sent back into a traditional incarceration setting. (Docket no. 30.) Therefore, for purposes of the present Motion to Amend, the Court concludes that Defendant has a strong nexus to the state sufficient to raise it to the level of a state actor, and therefore, Plaintiff may bring an 8th Amendment claim against Defendant.[1] Thus, the Court will grant Plaintiffs motion with respect to Count I.

**B.    Count II - Plaintiff's § 1983 Claim**

Plaintiff brings his second count as an independent claim under 42 U.S.C. § 1983, but Section 1983 is merely a vehicle used to allow victims of constitutional violations to obtain redress in federal court. *See, e.g.*, *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir.1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of

---

[1] In support of his argument, Plaintiff relies on the recent deposition testimony of Sandra Bomar Parker, Director of Defendant OGD.  The transcript of Ms. Parker's deposition, however, was not provided to the Court as it is currently unavailable.  Therefore, the Court finds that Plaintiff has met the burden necessary to support his Motion to Amend, but the Court's conclusion that Defendant OGD is a state actor for the purposes of this Motion does not preclude the parties from re-raising this issue at a later date.

constitutional guarantees found elsewhere."). Thus, Plaintiff 8th Amendment Claim and his § 1983 claim are a single claim because Plaintiff 8th Amendment Claim is, necessarily, brought under § 1983. For this reason, and because Plaintiff's Count II consists only of conclusory statements of law, the Court will deny Plaintiff's motion to amend his complaint with regard to Count II but will allow Plaintiff to bring Count I under § 1983.

### C. COUNT III - Plaintiff's Negligence Claim

Plaintiff argues that Defendant owed him a duty to keep its facility in a sanitary and reasonable state and to take reasonable measures to minimize against the risk of infectious diseases, such as MRSA. (Docket no. 22-1.) Defendant argues that, as a result of Defendant's negligence, he suffered the MRSA infection, which has caused physical pain and suffering, mental torment, humiliation, and the liability for medical bills (Docket no. 22-1). Defendant argues that Plaintiff's negligence claim is time barred because Plaintiff did not file either a notarized written claim or a written notice of intention to file a claim within one year of his diagnosis. *See* MCL 600.6431.

Having found that Defendant is a state agency, the Court agrees. MCL 600.6431(1) states:

No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files with the clerk of court of claims either a notarized written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms, or agencies, stating the time and the place where such a claim arose and in detail the nature of the claim and the damage claimed to have been sustained. MCL 600.6431(1).

Plaintiff was diagnosed as having MRSA on December 16, 2009. (Docket no. 22-1.) There is no record of Plaintiff having filed either a notarized written claim or a written notice of intention to file a claim before filing his original complaint on December 15, 2011. (Docket no. 1.) Therefore, the Court finds that Plaintiff's Negligence claim fails under MCL 600.643. Thus, the Court will deny Plaintiff's Motion with regard Count III.

7

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend his complaint (docket no. 22) is **GRANTED IN PART**. The Court grants Plaintiff's Motion to Amend as to Count I and denies Plaintiff's Motion as to Counts II and III. Plaintiff is, therefore, ordered to file his Amended Complaint in accordance with this Opinion and Order within 14 days.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  August 8, 2013             s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated:  August 8, 2013             s/ Lisa C. Bartlett
                                   Case Manager